**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kristen Theresa Morris,<br><br>    Petitioner,<br><br>v.<br><br>USA,<br><br>    Respondent. | No. CV-18-00065-TUC-CKJ<br>    CR-16-01686-TUC-CKJ (LAB)<br><br>**ORDER** |

Pending before the Court is Petitioner's Amended Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255. (Doc. 3). The government has filed a response, (Doc. 16) and Petitioner has filed a reply. (Doc. 17).

*Background*

On September 7, 2016, Kristen Theresa Morris was charged with one count of Conspiracy to Possess with Intent to Distribute approximately 64.86 kilograms of Marijuana and one count of Possession with Intent to Distribute Marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846. Morris pleaded guilty to the Conspiracy count on September 7, 2017, with her plea agreement providing a guideline range of sentencing between 21 to 27 months. On December 19, 2017, This Court sentenced Morris to a twenty-one (21) month term of imprisonment and a three-year term of supervised release.

On February 8, 2018, Morris filed a Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255, and filed an amended motion on February 16, 2018.  The government filed its response on November

7, 2018, and Morris filed a reply on November 19, 2018. Morris filed a notice continuing this action on September 12, 2019.

Morris was released from the Federal Bureau of Prisons on May 3, 2019. (Doc. 18). She successfully completed her term of supervised release on July 10, 2020. (Cr. Doc. 150).[1]

*Mootness*

Morris makes it clear — in her motion, amended motion, and reply — she seeks to challenge her sentencing rather than her conviction. (Doc. 1, pg. 14); (Doc. 3, pg. 17); (Doc. 17, pg. 1). However, the Court declines to address these arguments, because her sentence has been fully served, making her request moot. *United States v. Palomba*, 182 F.3d 1121, 1123 (9th Cir. 1999).

A question is moot when it no longer presents "a case or controversy under Article III, § 2, of the Constitution." *See, e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 8 (1998). This requires the parties to continue having a stake in the outcome of the case throughout "all stages of federal judicial proceedings" and the plaintiff must be able to obtain redress from a favorable judicial decision. *United States v. Verdin,* 243 F.3d 1174, 1177 (9th Cir. 2001) (quoting *Spencer*, 523 U.S. at 7). The burden is met while the plaintiff is incarcerated or even on supervised probation. *Id.* In *Verdin*, the court found a potential one-year reduction of supervised probation sufficient. *Id.*

However, when a sentence has completely run its course, leaving nothing to be undone, there must be continuing "collateral consequences." *Spencer*, 523 U.S. at 8. Upon challenging a conviction, the presumption of collateral consequences is permissible, due to "the obvious fact of life that most criminal convictions do in fact entail adverse collateral legal consequences." *Sibron v. New York*, 392 U.S. 40, 55 (1968). Yet, as *Spencer* instructs, this is not the case for other challenges, where the petitioner bears the burden. *Spencer*, 523 U.S. at 12. The *Spencer* Court required the petitioner to "identify specific, concrete" consequences to satisfy this requirement for a parole revocation. *Id.* at 9. In building off

---

[1] Citations to the underlying criminal docket in this case are abbreviated "(Cr. Doc._)".

requirements from other standing contexts, the Court demanded more than a hypothetical injury, in this case enhanced consequences due to future lawbreaking. *Id.* at 13 (citing *Lane v. Williams*, 455 U.S. 624, 632-633 (1982).). In fact, the Ninth Circuit has interpreted this to mean any review of completed sentences over these hypothetical future consequences is "no longer good law." *United States v. Palomba*, 182 F.3d 1121, 1123 (9th Cir. 1999).

The heightened requirement has been extended to challenges against supervised release revocation denials, *United States v. King*, 891 F.3d 868, 872 (9th Cir. 2018), as well as a variety of sentence challenges. *See United States v. Garcia-Gastelum*, 735 F. App'x 412 (9th Cir. 2018) (Challenge for a variance deemed moot); *United States v. Mendoza*, 745 F. App'x 692 (9th Cir. 2018) (Challenge regarding reasonableness of a sentence deemed moot); *United States v. Cota-Chavez*, 698 F. App'x 484 (9th Cir. 2017) (Challenge regarding denial of a role reduction deemed moot); *United States v. VeVea*, 446 F. App'x 63, 67 (9th Cir. 2011) (Challenge to probation conditions deemed moot). "Mootness, however it may have come about, simply deprives us of our power to act," making even well-intended investigation or corrective actions improper. *See Spencer*, 523 U.S. at 18.

Morris is no longer incarcerated or on supervised release. Her sentence is over, and as in *Spencer*, there are no collateral consequences. Morris successfully completed her sentence, including her supervised release term, and is no longer under the jurisdiction of this court.

*Certificate of Appealability ("COA")*

Rule 11(a), Rules Governing Section 2255 Proceedings, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1). Here, the Petition is brought pursuant to 28 U.S.C. § 2255. This Court must determine, therefore, if a COA shall issue.

The standard for issuing a COA is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. In the certificate, the Court must indicate which specific issues satisfy the showing. *See* 28 U.S.C. § 2253(c)(3).

The Court finds that jurists of reason would not find it debatable whether the Petition stated a valid claim of the denial of a constitutional right and the Court finds that jurists of reason would not find it debatable whether the district court was correct in its procedural ruling. A COA shall not issue as to Morris' claims.

Accordingly, IT IS ORDERED:

1. Morris' Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (CV 18-00065, Doc. 3; CR 16-01686-001, Doc. 140) is DENIED.

2. Cause No. CV 18-00065 is DISMISSED

3. The Clerk of the Court shall enter judgment and shall then close its file in Cause No. CV 18-00065.

4. A Certificate of Appealability shall not issue in this case.

Dated this 18th day of February, 2021.

Honorable Cindy K. Jorgenson
United States District Judge

- 4 -